CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

GALEN A. PHILLIPS (CABN 307644)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7110
Email: Galen.Phillips@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BORIS MELESHINSKY,<br><br>Defendant. | CASE NO. CR 24-00483-TLT<br><br>UNITED STATES' SENTENCING MEMORANDUM |

## I. INTRODUCTION

The defendant Boris Meleshinsky is scheduled to be sentenced on August 21, 2026. He entered a guilty plea to Count One of the Information—conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349—pursuant to a Plea Agreement on September 27, 2024. Dkt. 11.

For the reasons set forth below, the United States requests that the Court sentence Mr. Meleshinsky to a time-served custodial sentence and impose a three-year term of supervised release, subject to the mandatory and standard conditions of supervision. In addition to being ordered to pay the $100 special assessment, Mr. Meleshinsky should be ordered to pay restitution to the Progressive Corporation ("Progressive") in the amount of $5,210 and he should be ordered to pay a fine of $2,000, as recommended by Probation.

## II. Offense Conduct

Mr. Meleshinsky and his co-conspirators Kirill Afanasyev, Jose Badillo, Jason Naraja, and others participated in a scheme to defraud Progressive by loading a Sterling tow truck with various vehicles, including a 2012 Jaguar XJL and a 2017 Dodge Charger; staging an accident involving the tow truck at Guadalupe Canyon Parkway in San Mateo County; and submitting a claim to Progressive asserting that the damage to the tow truck and its payload resulted from the staged accident.

As part of the scheme, Mr. Meleshinsky acted as the alleged seller of two vehicles involved in the accident. In his statements to Progressive, Mr. Meleshinsky claimed:

- He sold the 2012 Jaguar XJL to Individual One;
- He sold the 2017 Dodge Challenger to Jason Naraja; and
- Both vehicles were in the process of being delivered to their respective buyers.

These statements were all materially false.

Progressive ultimately denied the claim, though it paid $5,210 to Auto Towing, a tow company affiliated with Mr. Badillo, for fees associated with the recovery and storage of the vehicles from Guadalupe Canyon.

## III. Guidelines Calculation

The Parties are in agreement about the Guidelines Calculation. The applicable provision for the conspiracy offense is U.S.S.G. § 2X1.1(a), which cross references U.S.S.G. § 2B1.1 in determining the base offense level, which provides for a base offense level of 7. *See* §§ 2X1.1(a)(1) and 2B1.1(a)(1). Based on the net loss to the victims resulting from the schemes to defraud in which Mr. Meleshinsky participated, the offense level should be increased by six levels. *See* § 2B1.1(b)(1)(D). The adjusted offense level is thus 13. Two points are subtracted because the defendant is a "zero-point" offender, and two points are subtracted for acceptance of responsibility. Accordingly, the final offense level is 9 (PSR, ¶ 31), and the advisory Guidelines range is 4 to 10 months (Zone B).

## IV. Sentencing Recommendation

The overarching goal of a sentencing court is to impose a sentence that is sufficient to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed education or

vocational training, medical care, or other correctional treatment." *United States v. Ressam*, 679 F.3d 1069, 1088–89 (9th Cir. 2012) (en banc) (quotation omitted); 18 U.S.C. § 3553(a)(2). The Court should begin the sentencing process by correctly calculating the applicable Guidelines range and must "remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). The Court should then consider the factors outlined in 18 U.S.C. § 3553(a) to determine the appropriate sentence. *Ressam*, 679 F.3d at 1089. If the Court determines that a sentence outside of the Guidelines range is warranted, it must ensure that the ''justification is sufficiently compelling to support the degree of the variance." *Id.* (quotation omitted). "[A] major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50.

The factors the Court should consider in determining the appropriate sentence include:

- The nature and circumstances of the offense, and the history and characteristics of the defendant;
- The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant;
- The kinds of sentence and the sentencing range established in the Guidelines;
- Any pertinent policy statement by the Sentencing Commission;
- The need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and
- The need to provide restitution to any victims.

18 U.S.C. § 3553(a).

Based on a consideration of these factors, the United States submits that a time-served sentence with a three-year term of supervision to follow is sufficient, but not greater than necessary, to comply with the factors set out above.

As an initial matter, the fraud scheme in this case was serious and part of a larger scheme that involved numerous other fraudulent claims and claimants. The overall fraud scheme conceived of and orchestrated by Mr. Afanasyev escaped detection by the insurance companies who were its victims. Accordingly, that scheme was able to continue for years. Mr. Meleshinsky played an average role in the overall scheme, handling communications with insurance companies and generally acting at Mr. Afanasyev's direction.

Second, despite the serious nature of the conduct and Mr. Meleshinsky's knowing participation in the Guadalupe Canyon fraud, he accepted responsibility his conduct early, did not file any pretrial motions, and agrees with the United States regarding the accurate calculation of the Guidelines. For these reasons and for the reasons reflected in the "Offender Characteristics" section of the PSR, the government hopes that the fact of this prosecution will deter him from engaging in similar conduct in the future, without the need to impose custody time.

Finally, although the government generally believes that imposing prison sentences in "white collar" cases promotes respect for the law and provides for general deterrence, the other factors in this case (including Mr. Meleshinsky's early acceptance of responsibility, his background and characteristics, and the lack of pretrial violations) warrant a time-served sentence.

## V. RESTITUTION

The government has calculated Progressive's pecuniary loss as $5,210. And the parties jointly recommend that Mr. Meleshinsky be ordered to pay $5,210 in restitution.

Although restitution in the cases against Kirill Afanasyev and Jose Badillo has not been imposed, the government expects that it is likely that Messrs. Afanasyev and Badillo *also* will be ordered to pay restitution to Progressive. In order to assist the Clerk in collection and distribution of funds obtained from Mr. Meleshinsky and his co-conspirators, the Court should note in the table on the "Criminal Monetary Penalties" page of Mr. Meleshinsky's Judgment that Progressive's "Total Loss" (Column 2) is $5,210, and that the "Restitution Ordered" (Column 3) for that loss is $5,210. *See* https://www.uscourts.gov/sites/default/files/ao245b.pdf (AO Judgment form). The Court may also wish to note on this page that Mr. Meleshinsky's obligation to Progressive is joint and several with Mr. Naraja's and the other coconspirators for whom restitution has not yet been imposed (namely, Messrs. Afanasyev and Badillo). *Cf. United States v. Wall*, 349 F.3d 18, 26 (1st Cir. 2003) ("A judgment that specified joint and several liability, up to the maximum amount of the loss, would have eliminated appellant's uncertainty (and basis for appeal) and provided guidance to those administering the various related restitution orders. An explicit notation would serve as notice that appellant's obligation may be discharged in part by others' payments, information that might prevent excessive recovery.") (citing *United States v. Scott*, 270 F.3d 30 (1st Cir. 2001).

In the event that the full amount of Progressive's loss could be collected from both Mr. Meleshinsky and his co-conspirators, notations on the Judgment such as those suggested above will prevent the insurance companies from receiving more than their total losses. *See United States v. Nucci*, 364 F.3d 419, 424 (2d Cir. 2004) ("[T]here is no legal basis to permit an award that allows a victim to recover more than his due").

## VI. VICTIM ISSUES

Progressive has been notified of the pending sentencing but has not submitted a victim impact statement. The government will advise the Court in advance of the sentencing hearing if it learns that a victim representative will attend the hearing or wishes to address the Court.

## VII. CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court sentence Mr. Meleshinsky to a time-served custodial sentence and impose a three-year term of supervised release, including the standard conditions recommended by the Probation Office in the PSR. The Court should also order Mr. Meleshinsky to pay restitution as set forth above, to pay a $100 special assessment, and to pay a fine of $2,000.

DATED: August 12, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

Galen Phillips
_______________________
GALEN A. PHILLIPS
Assistant United States Attorney